HOBSON, Judge.
We have had this case under consideration for an unusual amount of time because we felt that there was a very close question as to whether or not there was a genuine issue of fact with respect to the appellants’ affirmative defense of novation. The trial court in this cause entered partial summary judgment on two counts of a three-count complaint filed by the appellee. In the same partial summary judgment it disposed of the appellants’ counterclaim and affirmative defenses.
On July 26, 1978, this court rendered its decision in Pena v. Tampa Federal Savings and Loan Association, et al., Case No. 77-1427, wherein it wa# held that the Florida Rules of Civil Procedure, unlike the Federal Rules of Civil Procedure, do not permit entry of a final summary judgment until the entire case is resolved.
In this case the third count of the complaint is still pending and, therefore, no final judgment has been entered. Under Pena, supra, when the entire case has been finally determined, the partial summary judgment herein sought to be reviewed shall be considered as interlocutory and will be subject to review upon any appeal from the final judgment. Under these circumstances we, therefore, find it necessary to reverse on the authority of Pena.
GRIMES, C. J., and SCHEB, J., concur.